# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
)
**MANUEL TRONCOSO,**             )
                                 )
                                 )    Civil Action No.
         **Plaintiff,**          )    17-11859-FDS
                                 )
         **v.**                  )
                                 )
**SHERIFF OF MIDDLESEX COUNTY, et al.,** )
                                 )
         **Defendants.**         )
_____)

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons set forth below, the Court will order that this action be dismissed without prejudice for lack of subject-matter jurisdiction.

## I.  Factual Background

On September 22, 2017, Manuel Troncoso, who is proceeding *pro se*, filed a document captioned as a "Motion to Inspect and get Photocopy of The Nutritional Dietary Meals Records" (ECF No. 1). Troncoso, who is confined at the Middlesex Jail and House of Correction ("MJHOC"), asks to be provided the following: (1) the mailing address of the nutritionist at MJHOC who created the menu for the meals served to prisoners at MJHOC, including the menu for kosher meals before and after August 2017; (2) information about the nutritional content and adequacy of such menus; and (3) a copy of such menus. Troncoso states that he is bringing this action under the Freedom of Information Act ("FOIA"). He names as defendants the Sheriff of Middlesex County, Superintendent Carole Cafferty, and "Kitchen Deputy, Suppa" as defendants.

Troncoso neither paid the $350 and $50 filing and administrative fees nor sought leave to proceed *in forma pauperis*.[1]

On December 20, 2017, Troncoso filed a document captioned as a "Notice of Removal" (ECF No. 4). He asks therein to remove to this Court a civil action that he filed in Middlesex Superior Court, C.A. No. 1781CV03419. He represents that the defendants have not been served in that action. According to the public docket of that case, on November 16, 2017, Roberts filed an action against the Sheriff of Middlesex County and Carole Cafferty.[2] On November 8, 2018, he voluntarily dismissed the state-court action prior to service of summonses.

## II.     Discussion

Federal courts are courts of limited jurisdiction. As a general matter, they may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331, and over certain actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

Here, subject-matter jurisdiction does not exist. Troncoso invokes FOIA, which is a federal statute that requires an "agency" to make certain information available to the public. *See* 5 U.S.C. § 552. However, an "agency," as used in FOIA, only includes an "authority of the Government *of the United States*." 5 U.S.C. § 551(1) (emphasis). In other words, FOIA does not apply to state or local agencies or actors. Because Troncoso seeks information from a state, rather than a federal, agency, FOIA does not apply. Troncoso does not identify, nor can the

---

[1] Unlike other civil litigants, prisoner plaintiffs bringing non-habeas actions in federal court who have been granted *in forma pauperis* status are not entitled to a complete waiver of the filing fee. Where a prisoner is allowed to proceed *in forma pauperis*, the $50 administrative fee is waived and the plaintiff is not required to prepay the $350 filing fee. The prisoner is nonetheless obligated to pay the $350 filing fee over time, regardless of the outcome of the lawsuit. *See* 28 U.S.C. § 1915(b).

[2] Electronic access to this docket is available to the public through the Massachusetts Trial Court Electronic Case Access web site. *See* www.masscourts.org (last visited January 16, 2018).

Court discern, any other possible claim under federal law. Further, subject-matter jurisdiction does not exist under 28 U.S.C. § 1332 because the parties are not citizens of different states and the amount of controversy does not exceed $75,000.[3]

## III. Conclusion

For the foregoing reasons, this action is DISMISSED without prejudice for lack of subject-matter jurisdiction.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: January 31, 2018

---

[3] Troncoso's Notice of Removal does not provide a basis for jurisdiction over this action. Under 28 U.S.C. § 1441, a *defendant* in a state court action may remove the action to federal court if the case is one over which the federal court has jurisdiction. *See* 28 U.S.C. § 1441(a). As the *plaintiff* in the state court action, Troncoso cannot remove his case to federal court. Moreover, to the extent that the state court action concerned only questions of state law, for the reasons stated above the Court would be without subject-matter jurisdiction over the claim.